UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

          Plaintiff,

v.

GREGERORY KLUQ,

          Defendants.

Case No. C20-5277 BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's application for *in forma pauperis* status in this matter and filing of a proposed complaint. Plaintiff is proceeding in this matter *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not grant IFP or direct service of the complaint at this time. On or before **September 7**, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

COMPLAINT

Plaintiff alleges that he is the victim of larceny, "gang stalking," and hacking ("infringement of original systematic design"). Dkt. 1-1. Plaintiff appears to be raising 14th Amendment Due Process claims for the deprivation of his liberty, as well as "life and limb and accounts property." Dkt. 1-1, at 4-5. Plaintiff's complaint alleges that "Gregerory Kluq" is a confidential informant and member of a "Danitic cult," whose cult

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

or gang activities have targeted plaintiff and his family. *Id.* Plaintiff alleges that these activities have included stalking, theft of plaintiff's funds in a credit union in Bremerton, Washington, "liv[ing] in all my house," and "hack[ing] into my [RFID] android.sec account," which have been occurring since plaintiff was fourteen years old. Dkt. 1-1 at 5. Plaintiff further alleges that Kluq supplied false information to authorities, apparently framing plaintiff for human trafficking and resulting in plaintiff's incarceration. *Id.*

Plaintiff's complaint also names James Indacot and Billy Renfro, officers of the Bremerton Police Department, as defendants. Other than alleging that they have "watch[ed]" plaintiff and Mr. Kluq, the complaint lacks further details about any alleged violations on their part. The complaint suggests, without making explicit, that the two police defendants were aware of the allegedly false information incriminating plaintiff.

Plaintiff describes the harm he has suffered as mental anguish, loss of property and limb, and pain and suffering. Dkt. 1-1, at 5. As relief, he requests that all property, real and personal, currently belonging to Mr. Kluq, be seized and transferred to the care of "Dean Williams" into plaintiff's trust accounts. *Id.* at 5.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

In defining the meaning of "frivolous" under Section 1915(e)(2)(B), the United States Supreme Court has held that the *in forma pauperis* statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless ... describing fantastic or delusional scenarios." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). "A court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations ... [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *McIntosh v. Grande-Butera*, No. C 18-07758 WHA, 2019 WL 1877160, at *2 (N.D. Cal. Apr. 26, 2019).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff's complaint is brought under § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right,

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

*Failure to State a Claim and Frivolous Allegations*

Here, plaintiff's allegations are vague and conclusory. Several of plaintiff's allegations also appear to qualify as frivolous. Plaintiff alleges that defendant Kluq has committed several crimes against him, including "gang stalking," and that defendants Indacot and Renfro observed these crimes without intervening. Dkt. 1-1, at 5. Plaintiff alleges defendant Kluq used false information gathered from "Human Trafficking women" to put him in prison. *Id.* But he fails to explain the content of this information,

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

and neither does he explain what he means by "gang stalking." Plaintiff alleges that defendants Indacot and Renfro have been surveilling him, but he does not provide specific facts in support of this claim. Dkt. 1-1, at 4. In all, the complaint is devoid of facts detailing any specific actions taken by defendant Kluq or the other defendants.

Furthermore, the complaint appears to suggest that a "Danitic cult," of which defendant Kluq is allegedly a member, is responsible for the alleged theft, "gang stalking," and hacking. Dkt. 1-1, at 5. Plaintiff alleges that this "cult gang stalks [him] 24 Hours a day 7 [days] a week [using] the once dark web and [his] cryptocurrency as cover" for its own human trafficking racket. *Id.*

Plaintiff does not provide facts purporting to show a connection between the cult and any action by public officials or employees that could be considered as happening under color of state law and fails to establish how the alleged conduct comprises state action. Beyond the additional assertion that defendant Kluq is a confidential police informant, the complaint does not allege facts that purport to show that defendants were "acting under color of state law." *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Without additional facts and explanation to support his conclusory allegations, plaintiff fails to state a claim against defendants Kluq, Indacot, and Renfro. Moreover, these allegations regarding defendant Kluq living in plaintiff's house, stealing "funds" and cryptocurrency from plaintiff since he was fourteen years old, and the hacking of plaintiff's "rfid android.sec account"— are conclusory and without factual allegations that would support them. Thus, these allegations would seem to qualify as "incredible" and are subject to dismissal as frivolous.

*Appropriateness of Habeas Petition*

Plaintiff's complaint additionally appears to challenge the constitutionality of his current detention. Plaintiff alleges that defendants used "[false] info" to "lock [him] up in prison and jail." To the extent that plaintiff is attacking the constitutionality of his physical confinement, plaintiff's only remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted) (An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy.").

Plaintiff's current status as a pre- or post-conviction detainee is unclear from the complaint, but plaintiff is further advised that if he wants to pursue § 1983 claims regarding conduct by defendants that allegedly led to a conviction/plea for which he is serving a state sentence, his claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck* plaintiff may only recover damages under § 1983 for alleged unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

A "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

the conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Thus, to the extent plaintiff's claims amount to an attack on the constitutional validity of his underlying conviction for which he is serving a state sentence, his claims may not be maintained pursuant to §1983 unless he can show the conviction has been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003).

*Leave to Amend*

If plaintiff wishes to pursue the lawsuit, plaintiff is required to allege facts showing who violated his rights, when they violated his rights, and how this violation was taken under color of state law and how it caused him harm. He may accomplish this by filing an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) name of the person who violated the right; (3) when and what that individual did or failed to do; (4) how that person's acts or failures to act are "under color of state law" and connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's acts or omissions.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).  If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

In addition, plaintiff should clarify whether he is pre- or post-conviction, the basis for his current incarceration and, if his conviction has not been invalidated, show cause

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

why his complaint should not be dismissed under *Heck v. Humphrey*. Alternatively, if plaintiff intends to challenge his current confinement, he may choose to voluntarily dismiss these claims and instead file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, then re-file these claims after he has exhausted his state remedies and invalidated the underlying basis for his detention.

In the following paragraphs, some of the legal standards that *may* apply to plaintiff's claims are set forth. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### 1. Constitutional Rights

Plaintiff's complaint suggests violations of his Fourteenth Amendment rights to substantive and procedural due process, based on his assertion that he was unlawfully deprived of his liberty and property. Substantive due process protects individuals from arbitrary deprivation of their liberty or property by the government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). In order to establish a constitutional violation based on substantive due process, a plaintiff must show (1) a deprivation of his liberty or property and (2) behavior by the government that shocks the conscience. *Id.* Yet "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846, (1998) (internal quotation marks omitted). As explained above, plaintiff may not pursue a substantive due process claim to contest the validity of his current confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973). Only claims alleging a previous unlawful deprivation of liberty may be brought under Section 1983. *See Heck*, 512 U.S. at 486-87.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

1  Plaintiff may be alleging a violation of his procedural due process rights. "A
2 procedural due process claim has two elements: deprivation of a constitutionally
3 protected liberty or property interest and denial of adequate procedural protection."
4 *Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970
5 (9th Cir. 2010). Due process requires notice and a meaningful opportunity to be heard.
6 *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 84 L. Ed. 2d 494, 105 S. Ct.
7 1487 (1985) (internal quotations omitted). The deprivation must be the result of state
8 procedures, which may be shown to be constitutionally inadequate only through
9 consideration of the private interest affected, the risk of an erroneous deprivation, the
10 value of any additional procedural safeguards, and the state's interest in the state action
11 and in avoiding excessive procedural burdens. *Mathews v. Eldridge*, 424 U.S. 319, 335,
12 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976).
13  If plaintiff pursues this claim, he must identify which procedural safeguards were
14 inadequate to protect his property and liberty.
15  To the extent that plaintiff's claims are based on the wrongful use of surveillance,
16 his claims must be examined under the Fourth Amendment. An individual may claim the
17 protections of the Fourth Amendment if that person "can claim a 'justifiable,' a
18 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by
19 government action." *United States v. Knotts*, 460 U.S. 276, 280, 103 S. Ct. 1081, 75 L.
20 Ed. 2d 55 (1983).
21  If plaintiff pursues this claim, plaintiff must specifically identify how and where his
22 privacy was invaded for the Court to evaluate whether plaintiff had a legitimate
23 expectation of privacy.
24
25
ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 9

To the extent that plaintiff alleges that an unlawful search or invasion of his privacy led to his arrest, however, this claim must be analyzed subject to the *Heck* doctrine. "An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001). Probable cause exists when the facts and circumstances would cause a prudent person to believe that the individual charged with the crime committed it. *Henry v. United States*, 361 U.S. 98, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134 (1959). Yet an allegation of a lack of probable cause for arrest *leading to plaintiff's current confinement* forms the basis of a habeas petition, not a suit under Section 1983.

### 2. Private Individual Liability and Conspiracy

To state a claim under 42 U.S.C. § 1983, the defendant must be a person *acting under color of state law*, and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A private individual may only be liable under § 1983 *only* if he *conspired or entered into joint action* with a state actor. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir.), *cert. denied*, 534 U.S. 1020 (2001). To prove conspiracy, however, a plaintiff must allege facts showing "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.1989) (quotations omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id*. at 1541. Conclusory allegations of conspiracy are not enough to

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 10

1  support a § 1983 conspiracy claim.  *Burns v. County of King*, 883 F.2d 819, 821 (9th

2  Cir.1989) (per curiam).

3      If plaintiff intends to pursue this claim against a private individual, he should

4  include all of his factual allegations of the conspiracy against specifically named

5  defendants in one section of his amended complaint.

CONCLUSION

    Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 7, 2020.**  If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). **Plaintiff's amended complaint should not exceed 20 pages.**

    The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 11

precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the** *Pro Se* **Information Sheet.**

Dated this 8th day of June, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 12